# EXHIBIT A

1  THOMAS MARC LITTON, ESQ. (Cal. Bar No. 119985)
2  LAW OFFICES OF THOMAS MARC LITTON
   1388 Sutter Street, Suite 605
3  San Francisco, California 94109
   Telephone: (415) 421-4770
4  Facsimile: (415) 421-4784

5  Attorneys for Plaintiff, RUTH HILLIARD

**FILED**
Superior Court of California
County of Placer

OCT 2 4 2019

Jake Chatters
Executive Officer & Clerk
By: E. Kouvdos, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF PLACER

UNLIMITED JURISDICTION

| | |
|---|---|
| RUTH HILLIARD, | CASE NO. SCV 0043918 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | 1. Violation of Public Policy-Age Discrimination (Cal. Govt. Code §12940, et seq.); |
| HOME DEPOT U.S.A., INC., dba "The Home Depot," and DOES 1 to 20, inclusive and each of them, | 2. Violation of Public Policy-Gender Discrimination (Cal. Govt. Code Sec. 12940 et seq.); |
| Defendants. | 3. Violation of Public Policy-Retaliation in Violation of FEHA (Cal. Govt. Code § 12940 et seq.). |

BY FAX

**JURY TRIAL DEMANDED**

Plaintiff RUTH HILLIARD (hereinafter referred to as "Plaintiff") complains against Defendant HOME DEPOT U.S.A., INC., dba "The Home Depot," (hereinafter referred to as "Home Depot") and DOES 1 through 20 (collectively referred to hereinafter as "Defendants"), and each of them, and alleges as follows:

//
//

Complaint for Damages                                                                Page 1

## INTRODUCTION

1. Plaintiff is a woman who is more fifty-three years of age. She worked for Home Depot for more than 29 years, but was abruptly terminated for being nine minutes tardy on October 31, 2017. At the time of the events and circumstances alleged below, Plaintiff was employed at Home Depot's Auburn, California store.

2. Plaintiff's work performance was excellent throughout her nearly thirty-year career at Home Depot. Plaintiff began her employment at Home Depot in July 1988. Her talents and excellent work efforts were immediately recognized by Home Depot peers and management. Many of her yearly performance appraisals designated her as an outstanding performer. Over the years at Home Depo, Plaintiff earned multiple promotions and increased responsibilities based upon her excellent performance.

3. In mid to late 2017, Home Depot falsely, unfairly and improperly accused Plaintiff of poor work performance following her complaints to Home Depot management, including the store manager, Larry Snyder, about the disparate treatment that she and other older women employees received at the Auburn Home Depot store. Having enough of Plaintiff's disparate treatment complaints, Mr. Snyder terminated Plaintiff's employment on October 31, 2017 for allegedly being nine minutes tardy for work.

4. On information and belief, Plaintiff alleges that she was replaced by a younger man at Home Depot. Plaintiff and other older women at Home Depot noticed that in the last year of Plaintiff's employment, Plaintiff and other women were being targeted for unnecessary discipline and unfair and disparate treatment compared to men. For example, Plaintiff and other women received a number of write-ups for minor infractions that were overlooked by management when male employees were caught engaging in the same alleged infractions, such as being tardy for work.

## PRELIMINARY ALLEGATIONS

5. Defendant Home Depot is a Delaware corporation with offices and stores throughout California, including Placer County. Based on information and belief, at all relevant times, Home Depot employed over seventy thousand (70,000) individuals, including in Auburn,

California. At all times alleged in this Complaint, the alleged wrongdoing of Defendants and each of them occurred in California. Except where otherwise alleged, Plaintiff performed her duties for Defendant Home Depot in California, including in Placer County.

6. The true names and capacities of the defendants named herein as DOES 1 through 20, inclusive, whether individual, corporate, associate, or otherwise, is unknown to Plaintiff, who therefore sues such DOE defendants by fictitious names pursuant to California Code of Civil Procedure Sec. 474. Each DOE defendant is sued as an agent or employee of every other defendant, acting within the course and scope of that relationship, with the knowledge and consent of the other defendants, and each fictitiously named defendant is in some matter responsible for the injuries and damages complained of herein. Plaintiff will amend this Complaint to show such true names and capacities of the DOE defendants when they are ascertained.

7. At all times relevant herein, each of the defendants was the agent, employee, supervisor, servant, and/or joint venture participant of each of the remaining defendants and in doing the things hereafter alleged, was acting within the course, scope, and authority of such agency, employment and/or joint venture, and with the consent and permission of each of the other defendants. All actions of each defendant alleged in the causes of action into which this paragraph is incorporated by reference were ratified and approved by the officers or managing agents of every other defendant.

## GENERAL ALLEGATIONS

### Discriminatory Conduct by Home Depot

8. Plaintiff is an older woman. While she worked at Home Depot, Plaintiff observed that her male colleagues were treated with more respect than her female colleagues and were not subjected to harassing comments and unnecessary discipline for minor infractions like herself and her female colleagues. Plaintiff objected to the differential treatment by Home Depot management, but no meaningful action was ever taken by Home Depot to remedy the disparate treatment.

//

9. Plaintiff was also over the age of 53 at the time she was terminated. While she worked at Home Depot, Plaintiff observed that younger colleagues were treated with more respect than colleagues over the age of 40. Plaintiff objected to the differential treatment by Home Depot management, but no meaningful action was ever taken by Home Depot to remedy the disparate treatment.

10. During her employment at Home Depot, Plaintiff was subjected to disrespectful treatment, harassing comments and unnecessary discipline for minor matters that other male and particularly younger male colleagues were not subjected to at Home Depot. In addition, Plaintiff's employment was terminated on the pretextual grounds that her work performance was unsatisfactory and that she violated minor rules of Home Depot.

## FIRST CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy-Age Discrimination

### (Cal. Gov. Code Sec. 12940, *et seq.*)

### (Against Defendants Home Depot and DOES 1-20)

11. Plaintiff incorporates by reference paragraphs 1 through 10 above as though fully set forth herein.

12. At all times herein mentioned, it has been the public policy of the state of California that employers in California must abide by California's anti-discrimination laws as addressed in statutes and the California constitution. At all times herein mentioned, Government Code Secs. 12940(a) and 12941 (California's Fair Employment and Housing Act ["FEHA"]) were in full force and effect and were binding on Defendants. These sections require Defendant to refrain from discriminating against any employee over the age of forty (40), including Plaintiff.

13. As a person over the age of forty (40) Plaintiff is a member of a protected class for purposes of the FEHA.

14. At all times material hereto, Plaintiff was employed by Home Depot.

15. At all times material hereto, Plaintiff performed her job duties in a satisfactory manner. This is evidenced by the excellent ratings she received in her performance reviews,

praise of her professionalism and relevant job knowledge by Home Depot management, her receipt of important assignments, her thorough and successful conduct and completion of assignments, sales and service to Home Depot customers and clients, and her merit raises in pay at Home Depot over her more than twenty-nine years of service to Home Depot.

16. Defendants, and each of them, willfully and maliciously discriminated against Plaintiff on the basis of her age by (a) allowing a work environment to continue in which she was adversely treated compared to younger employees; (b) subjecting Plaintiff to unnecessary discipline not imposed on younger employees; (c) unfairly and improperly terminating her employment while retaining the employment of younger employees who perpetrated the same minor infractions that were asserted by Home Depot as alleged reasons justifying Plaintiff's termination; and (d) replacing Plaintiff with a younger employee after terminating Plaintiff on pretextual grounds. All of these alleged actions violated California's public policy as articulated in the aforementioned state statutes.

17. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer substantial past and future losses in income, earnings, lost opportunities, bonuses and benefits and has been damaged in her capacity for future earnings, all in an amount to be proven at the time of trial.

18. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and will suffer emotional harm including, but not limited to, humiliation, embarrassment, loss of reputation, and mental anguish, all in an amount to be proven at the time of trial.

19. Defendants' discrimination against Plaintiff on the basis of age subjected her to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Defendants' actions, as alleged in this cause of action, were done with malice, oppression, and fraud, and Plaintiff is entitled to recovery of exemplary or punitive damages, all in an amount to be proven at the time of trial.

WHEREFORE, Plaintiff prays for damages against each and every Defendant, as set forth below.

## SECOND CAUSE OF ACTION

**Violation of Public Policy-Gender Discrimination (Cal. Gov. Code Sec. 12940, *et seq.*)**

**(Against Defendants Home Depot and DOES 1-20)**

20. Plaintiff incorporates by reference paragraphs 1 through 19, inclusive, as though fully set forth herein.

21. At all times herein mentioned, it has been the public policy of the state of California that employers in California must abide by California's anti-discrimination laws as addressed in statutes and the California constitution. At all times herein mentioned, Government Code Secs. 12940, *et seq.* (California's Fair Employment and Housing Act ["FEHA"]) were in full force and effect and were binding on Defendants. These sections require Defendant to refrain from discriminating against any employee because of their gender, including Plaintiff.

22. As a female, Plaintiff is a member of a protected class for purposes of the FEHA.

23. At all times material hereto, Plaintiff was employed by Home Depot.

24. At all times material hereto, Plaintiff performed her job duties in a satisfactory manner. This is evidenced by the excellent ratings she received in her performance reviews, praise of her professionalism and relevant job knowledge by Home Depot management, her receipt of important assignments, her thorough and successful work, and her merit raises in pay at Home Depot.

25. Defendants, and each of them, willfully and maliciously discriminated against Plaintiff on the basis of gender by (a) allowing a work environment to continue in which she was adversely treated compared to male employees; (b) subjecting Plaintiff to unnecessary discipline not imposed on male employees; (c) unfairly and improperly terminating her employment while retaining the employment of male employees who perpetrated the same minor infractions that were asserted by Home Depot as alleged reasons justifying Plaintiff's termination; and (d) replacing Plaintiff with a male employee after termination Plaintiff on pretextual grounds. All of these alleged actions violated California's public policy as articulated in the aforementioned state statutes.

26. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

and continues to suffer substantial past and future losses in income, earnings, lost opportunities, bonuses and benefits and has been damaged in her capacity for future earnings, all in an amount to be proven at the time of trial.

27. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and will suffer harm including, but not limited to, humiliation, embarrassment, loss of reputation, and mental anguish, all in an amount to be proven at the time of trial.

28. Defendants' discrimination against Plaintiff on the basis of gender subjected her to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Defendants' actions, as alleged in this cause of action, were done with malice, oppression, and fraud, and Plaintiff is entitled to recovery of exemplary or punitive damages, in an amount to be proven at the time of trial.

WHEREFORE, Plaintiff prays for damages against each and every Defendant, as set forth below.

### THIRD CAUSE OF ACTION

**Violation of Public Policy-Retaliation in Violation of FEHA (Cal. Gov. Code Sec. 12940(h)**
**(Against Defendants Home Depot and DOES 1-20)**

29. Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, as though fully set forth herein.

30. At all times herein mentioned, it has been the public policy of the state of California that employers in California must abide by California's anti-discrimination laws as addressed in statutes and the California constitution and must not retaliate against an employee because the employee complains about discrimination in the workplace. At all times mentioned herein, FEHA, Government Code sections 12940, *et seq.* were in full force and effect and binding on Defendants. These statutes require Defendants to refrain from retaliating against any employee for complaining of discrimination because she is over 40 years old or is female.

31. Defendants, and each of them, willfully and maliciously retaliated against Plaintiff on the basis of her questioning and complaints about the disparate treatment that she and other Home Depot employees received at Home Depot, particularly female and older employees.

32. As a direct and proximate result of Defendants' conduct, Plaintiff has and continues to suffer substantial past and future losses in income, earnings, lost opportunities, bonuses and benefits and has been damaged in her capacity for future earnings, all in an amount to be proven at the time of trial.

33. As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered and will suffer harm including, but not limited to, humiliation, embarrassment, loss of reputation, and mental anguish, all in an amount to be proven at the time of trial.

34. Defendants' discrimination against Plaintiff on the basis of gender subjected her to cruel and unjust hardship in conscious disregard of Plaintiff's rights. Defendants' actions, as alleged in this cause of action, were done with malice, oppression, and fraud, and Plaintiff is entitled to recovery of exemplary or punitive damages, in an amount to be proven at the time of trial.

WHEREFORE, Plaintiff prays for damages against each and every Defendant, as set forth below.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against all Defendants, and each of them, on each and every cause of action as follows:

A. For past and future general and special damages according to proof;
B. For past and future loss of earnings and earning capacity, according to proof;
C. For punitive damages according to proof;
D. For an accounting;
E. For costs of suit;
F. For prejudgment interest at the maximum legal rate on all sums awarded;
G. For attorneys' fees; and
H. For such other and further relief as the court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: October 23, 2019 | LAW OFFICES OF THOMAS MARC LITTON |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Thomas Marc Litton<br>Attorneys for Plaintiff, Ruth Hilliard |

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

| | | |
|---|---|---|
| | Dated: October 23, 2019 | LAW OFFICES OF THOMAS MARC LITTON |
| | | By: _____ |
| | | Thomas Marc Litton<br>Attorneys for Plaintiff, Ruth Hilliard |